UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| SHAMSIDDIN ASLAMOV, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:25-cv-00218-SCM |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| JAMES A. DALEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

*** *** *** ***

The Petitioner, Shamsiddin Aslamov, filed a Petition for Writ of Habeas Corpus contending that he was being illegally detained by the Department of Homeland Security. [Dkt. 1]. After the Petitioner filed his First Amended Petition, [Dkt. 4], and his Motion for a Temporary Restraining Order, [Dkt. 5], the Federal Respondents filed a Response, [Dkt. 8]. The Court then directed the Respondents to respond to the First Amended Petition. [Dkt. 9]. The Federal Respondents filed an updated Response to the Petition for a Writ of Habeas Corpus on March 26, 2026, requesting dismissal of this matter as moot because the Petitioner was "released from ICE custody on or about February 25, 2026, on an 'Order of Release on Recognizance.'" [Dkt. 10 at 2]. The updated Response included the Order of Release on Recognizance as an exhibit, which in turn indicated that there are no additional conditions placed on the Petitioner's release. [Dkt. 10-1].

In response to this development, the Court directed the Petitioner to show cause why this matter should not be dismissed as moot. [Dkt. 11]. The Petitioner filed a timely response to the show-cause order arguing that his release from custody did not render this matter moot because he requested declaratory relief, an injunction against re-detaining him, and asked this Court to set aside the Respondents' conduct as unlawful under the Administrative Procedure Act. [Dkt. 12 at 1–2]. He also argued that this matter is not moot because he may be detained again arbitrarily. [*Id.* at 2]. The Court then held this matter in abeyance pending issuance of the mandate in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), and denied all pending motions without prejudice. [Dkt. 14]. That mandate has since issued. Upon fresh consideration of the First Amended Petition, the Respondents' filings, and the Petitioner's response thereto, the Court concludes that this matter should be dismissed as moot.

"Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Brock v. United States Dep't of Just.*, 256 F. App'x 748, 750 (6th Cir. 2007) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). The "'case-or-controversy requirement subsists through all stages of federal judicial proceedings,' . . . . [I]t is not enough that a dispute was alive when [the petitioner's] habeas corpus petition was filed in the district court. [The petitioner] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477). "Mootness results when events occur during the pendency of the litigation which render the

court unable to grant the requested relief." *Id.* at 750 (citing *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993)). "As relates to habeas, a district court lacks jurisdiction over the petition if the petitioner is not in government custody; therefore, the individual's release from custody generally moots a habeas petition." *Khan v. Att'y Gen. of the United States*, No. 1:15 CV 2014, 2016 WL 4004616, at *2 (N.D. Ohio May 17, 2016) (citing *Lane v. Williams*, 455 U.S. 624, 633 (1982)); *report and recommendation adopted*, No. 1:15 CV 2014, 2016 WL 4009885 (N.D. Ohio July 25, 2016); *see also Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004) (holding deportation rendered moot the portion of a habeas petition seeking release); *Frimpong v. Sessions*, No. 4:18-CV-0125, 2018 WL 2422038, at *2 (N.D. Ohio Apr. 2, 2018) (same), *report and recommendation adopted*, No. 4:18CV0125, 2018 WL 2417841 (N.D. Ohio May 29, 2018).

Because the Petitioner was released from custody with no additional conditions, his Petition is now moot. *See Khan*, 2016 WL 4004616, at *2 ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy."). Moreover, because there are no additional conditions placed on the Petitioner's release from custody, his fear that he will be re-detained arbitrarily without a lawful basis is speculative—especially in the wake of the Sixth Circuit's intervening opinion in *Lopez-Campos*. The Petitioner does not establish that his detention is "capable of

repetition, yet evading review" such that this Court retains jurisdiction over his Petition.[1] *Lane*, 455 U.S. at 633–34.

The Petitioner points to *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–96 (6th Cir. 2003) (en banc), for the proposition that a grant of release on parole does not moot his Petition. [Dkt. 12 at 2–3]. In that case, the Sixth Circuit determined that the "restrictive conditions" placed on the habeas petitioner's "release[] from INS detention" meant that he was still "'in custody' for the purposes of 28 U.S.C. § 2241." *Rosales-Garcia*, 322 F.3d at 394–95. The Sixth Circuit has more recently reaffirmed that an individual is deemed detained or "in custody" for habeas purposes when the

[1] The "capable of repetition, yet evading review" exception to mootness has two elements: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). "The second prong of the 'capable of repetition' exception requires a 'reasonable expectation' or a 'demonstrated probability' that 'the same controversy will recur involving the same complaining party.'" *Id.* at 463 (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam)). A controversy is "sufficiently likely to recur when a party has a reasonable expectation that it 'will again be subjected to the alleged illegality.'" *Id.* (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). The Supreme Court has cautioned that this exception to mootness "applies only in exceptional situations." *Lyons*, 461 U.S. at 109.

Here, the exception's second element is not met. The Petitioner has not demonstrated anything other than a speculative, general fear that he could be re-detained by the Respondents at some indeterminate point in the future. [*See* Dkt. 12 at 3 ("Respondents have not pledged that they will never re-detain Mr. Aslamov under the circumstances under which they previous[ly] detained him or otherwise violate his Constitutional rights.")]. Given that the Respondents released the Petitioner without additional conditions well before the Sixth Circuit's decision in *Lopez-Campos*, and considering the binding nature of that intervening opinion within this Circuit, the Court finds that the Petitioner has not established a reasonable expectation or a demonstrated probability that he will be subjected again to the same alleged illegality. *Lyons*, 461 U.S. at 109.

individual is subject to "'significant' post-release 'restraints on [his or her] liberty' that are 'not shared by the public generally.'" *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (quoting *Jones v. Cunningham*, 371 U.S. 236, 238, 240, 242 (1963)). But this is not such a case. Here, there are no additional conditions placed on the Petitioner's release from custody—in fact, the order releasing the Petitioner from custody lists no conditions on the Petitioner's release whatsoever. [*See* Dkt. 10-1]. So, the cases determining that restrictive post-release conditions mean that a habeas petitioner remains "in custody" are readily distinguishable. The Petitioner got what he sought—release from custody—and so this case is now moot.

Indeed, the Petitioner got *more* than he sought. His First Amended Petition sought an order requiring the "Respondents to release him immediately under reasonable conditions of supervision, or in the alternative, to provide him with a bond hearing . . . ." [Dkt. 4 at 25]. Rather than being released with "reasonable conditions," the Petitioner has been released with no additional conditions. So it is impossible to see how any relief that the Petitioner is seeking could still be effectually granted to him. This is the very definition of mootness.

The Petitioner argues separately that his Petition is not moot because he requested related declaratory relief, injunctive relief, and relief under the Administrative Procedure Act. [Dkt. 12 at 2–3, 5]. But the Federal Respondents are correct that such relief is generally unavailable via a habeas petition. [Dkt. 10 at 3–4]. The specific procedures used to request a writ of habeas corpus do not permit litigants to toss every conceivably related civil claim into the mix. *See J.O.B. v.*

*United States*, No. 3:23-cv-217, 2024 WL 4011825, at *7 (S.D. Ohio Aug. 30, 2024) (noting that courts "may sever and dismiss civil claims filed in habeas corpus cases"), *report and recommendation adopted*, 2024 WL 4223636 (S.D. Ohio Sep. 18, 2024) (agreeing that APA claim raised in habeas petition should be severed and dismissed); *see also Ruza v. Michigan*, No. 1:20-cv-504, 2020 WL 4670556, at *2 (W.D. Mich. Aug. 12, 2020) ("courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage.") (collecting cases). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). To the extent that the Petitioner seeks relief beyond the core of habeas corpus, the Court concludes that this case is not the proper vehicle for such claims.[2]

For the foregoing reasons, the Court therefore concludes the Respondents' request to dismiss this matter as moot should be granted. Accordingly, **IT IS ORDERED** as follows:

1) The Federal Respondents' supplemental Response, [Dkt. 10], is hereby construed as a motion to dismiss and is **GRANTED**.

2) This matter is **DISMISSED WITHOUT PREJUDICE**.

3) This matter shall be **STRICKEN** from the Court's active docket.

4) A separate judgment will be entered pursuant to Federal Rule of Civil

[2] And—to reiterate—to the extent that the Petitioner seeks relief within the core of habeas corpus, that claim is now moot due to his release without additional conditions.

Procedure 58.

Signed this 11th day of September, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky